## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT BECKLEY

UNITED STATES OF AMERICA

v.                                            CRIMINAL ACTION NO. 5:23-cr-163-1

MICHAEL DWAYNE KELLY, II


### <u>ORDER</u>

On May 1, 2024, came the Defendant, Michael Dwayne Kelly II, in person and by counsel, Lex Coleman, Assistant Federal Public Defender, and also came the United States by Brian Parsons, Assistant United States Attorney, for the purpose of the Defendant's entry of a plea of guilty to Count Four of the Indictment. [Doc. 1]. Count Four charges the Defendant with knowingly and intentionally distributing quantities of a mixture and substance containing a detectable amount of fentanyl and cocaine, both Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1). [*Id*.]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on May 1, 2024. [Doc. 63]. Magistrate Judge Aboulhosn recommended the Court conditionally accept the Defendant's plea of guilty.

The Court need not review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C.

§ 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of *de novo* review and the parties' right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require *de novo* review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on May 20, 2024. [Doc. 63]. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R **[Doc. 63]** and **DEFERS** acceptance of the Plea Agreement pending the opportunity to review the Defendant's Presentence Investigation Report. The Court **ADJUDGES** the Defendant guilty, and Defendant is deemed convicted of violating 21 U.S.C. § 841(a)(1). The Court incorporates all dates and case events as provided in the PF&R.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to the Defendant and their counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.

ENTER:    May 21, 2024

Frank W. Volk
United States District Judge